UNITED STATES DISTRICT COURT  MM9327
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| JEFFREY JEAN-PHILIPPE, |
| Plaintiff, |
| -against- |
| THE CITY OF NEW YORK, P.O. CHRISTOPHER HEWITSON, and P.O. MICHAEL PALAM individually and in their Official Capacities, |
| Defendants. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Jeffrey Jean-Philippe, by his attorney, MATTHEW D. MYERS, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action for damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK and Police Officers CHRISTOPHER HEWITT and MICHAEL PALAM of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory and common laws of the State of New York.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## PARTIES

6. At all times relevant hereto, Plaintiff was and is a resident of Kings County in the State of New York.

7. At all times relevant hereto, Defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8. Defendants CHRISTOPHER HEWITT and MICHAEL PALAM, are and were at all times relevant to this action, police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacity.

9. At all times relevant hereto and in all their actions described herein, the Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and

agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

11. On June 18, 2013, Plaintiff JEFFREY JEAN-PHILIPPE was lawfully in a public place on or about 510 Madison Avenue, County of New York, State of New York, seated in the passenger seat of a vehicle.

12. Plaintiff was arrested unlawfully by the Defendants and charged with, *inter alia*, Grand Larceny in the Third Degree, Criminal Possession of Stolen Property in the Third Degree, Criminal Possession of a Forged Instrument in the Second Degree, and Attempted Grand Larceny in the Third Degree.

13. After the arrest, the Defendant Police Officers filled out false police reports and provided false and misleading information to the Prosecution. Plaintiff denied any participation in any of the crimes alleged.

14. On or about June 19, 2013, Defendants Police Officers filed a false and misleading sworn complaint upon which Plaintiff was arraigned in Criminal Court, New York County, New York. Bail was set at $10,000 and Plaintiff remained in custody.

15. On or about the month of June, 2013, defendant police officers appeared and testified falsely before the Grand Jury in continued support of the false charges of which Plaintiff was innocent.

16. The Grand Jury returned a true bill and Plaintiff was indicted and remained unlawfully in custody.

3

17. On or about July 22, 2013 Plaintiff was arraigned before Hon. Judge Laura Ward in the Supreme Court of New York County on nine counts: Grand Larceny in the Third Degree, Attempted Grand Larceny in the Third Degree, Criminal Possession of Stolen Property in the Third Degree, Criminal Possession of a Forged Instrument in the Second Degree, three counts of Criminal Possession of a Forged Instrument in the Second Degree, and two counts of Identity Theft in the First Degree.

18. On or about February 7, 2014 defendant police officers testified in a hearing to determine whether there was ever probable cause to arrest Plaintiff conducted before Hon. Judge Ward.

19. On or about October 27, 2014, after considerable deliberation, Hon. Judge Ward concluded that the arrest, and subsequent search, of Plaintiff was unlawful and unsupported by probable cause, as a matter of law.

20. On or about November 7, 2014 Mr. Jean-Philippe was finally released from custody.

21. On or about December 22, 2014 the District Attorney's Office filed a Dismissal Upon Recommendation of the People and the case was finally dismissed.

22. As a result of the incident, Plaintiff spent five hundred and seven (507) days in custody.

23. On February 5, 2015, Plaintiff JEFFREY JEAN-PHILIPPE duly served a Notice of Claim upon the City of New York in the manner required by law.

24. That at least 30 days have elapsed since the service of notice of said demand and adjustment or payment thereof has been neglected and/or refused.

25. That a hearing pursuant to General Municipal Law Section 50-H was held on April 28, 2015.

4

26. That this action is being commenced within three years of the events herein described.

## FIRST CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS

27. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 26 with the same force and effect as if fully set forth herein.

28. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

29. All of the aforementioned acts deprived Plaintiff, JEFFREY JEAN-PHILIPPE, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

30. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

33. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF: CONSPIRACY TO VIOLATE CIVIL RIGHTS

34. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 33 with the same force and effect as if fully set forth herein.

35. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to falsely charge Plaintiff with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

## THIRD CLAIM FOR RELIEF: FALSE AREST/FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 35 with the same force and effect as if fully set forth herein.

37. As a result of Defendants' aforementioned conduct, Plaintiff, JEFFREY JEAN-PHILIPPE, was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

38. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing, and other physical restraints, without probable cause.

39. As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace. Plaintiff was discredited in the minds of many members of the community.

### FOURTH CLAIM FOR RELIEF: MALICIOUS PROSECUTION UDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 39 with the same force and effect as if fully set forth herein.

41. Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

42. Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

43. Defendants acted with malice in initiating criminal proceedings against Plaintiff.

44. Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

45. Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

46. Defendants acted with malice in continuing criminal proceedings against Plaintiff.

47. The criminal proceedings were terminated in Plaintiff's favor on or about December 22, 2014, when the charges against him were dismissed and sealed.

### FIFTH CLAIM FOR RELIEF: NEGLIGENT SUPERVISION, HIRING and RETENTION

48. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 47 with the same force and effect as if fully set forth herein.

49. The actions of Defendant CITY, through its agents, servants and/or employees, including defendants HEWITSON, and PALAM heretofore described constitutes negligence in that Defendant CITY negligently trained or failed to train its agents, servants, or employees, including defendants HEWITSON, and PALAM.

50. The actions of Defendant CITY, through its agents, servants, or employees, including Defendants HEWITSON and PALAM, heretofore described constitutes negligence in that Defendant CITY negligently supervised or failed to supervise its agents, servants, or employees, including Defendants HEWITSON, and PALAM.

51. The actions of Defendant CITY, through its agents, servants, or employees, including Defendants HEWITSON and PALAM, heretofore described constitutes negligence in that Defendant CITY negligently disciplined or failed to discipline its agents, servants, or employees, including Defendants HEWITSON and PALAM.

52. Defendant CITY was negligent in its hiring of its agents, servants and/or employees, including Defendants HEWITSON, and PALAM, who Defendant CITY knew, or in the course of adequate and proper investigation should have reasonably known, were unfit to hold their positions.

53. Defendant CITY was negligent in its retention of its agents, servants and/or employees, including Defendants HEWITSON, and PALAM, who defendant CITY knew, or in the course of adequate and proper investigation should have reasonably known, were unfit to hold their positions in that they refused or failed to perform within the statutory and constitutional limits of their authority and misused and abused their positions.

54. That Plaintiff's action falls within one or more of the exceptions contained in CPLR § 1602, including, but not limited to CPLR §1602(11).

55. As a result of the negligence of Defendant CITY and the acts of Defendants HEWITSON and PALAM and other agents, servants and/or employees of Defendant CITY, without any negligence on the part of Plaintiff, Plaintiff was caused to suffer

severe and permanent personal injuries, pain and suffering, emotional and psychological distress, anguish, anxiety, fear, humiliation, loss of freedom, and loss of wages, legal expenses, and damage to his reputation.

56. By reason of the foregoing, Defendants are liable to Plaintiffs in a sum of money which exceeds the jurisdictional limits of all courts of lesser jurisdiction.

## SIXTH CAUSE OF ACTION
## MUNICIPAL LIABILITY

57. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 56 with the same force and effect as if fully set forth herein.

58. Defendant Police Officers HEWITSON, and PALAM, arrested JEFFREY JEAN-PHILIPPE despite a complete lack of evidence against him, notwithstanding their knowledge that said arrest would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

59. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

60. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

61. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

62. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

63. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

64. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiff as alleged herein.

65. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff JEFFREY JEAN-PHILIPPE.

66. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

67. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of Liberty without Due Process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

68. All of the foregoing acts by Defendants deprived Plaintiff JEFFREY JEAN-PHILIPPE of federally protected rights, including, but not limited to, the right:

   a. Not to be deprived of liberty without due process of law;

   b. To be free from seizure and arrest not based upon probable cause;

   c. To be free from unlawful imprisonment;

   d. To be free from unwarranted and malicious criminal prosecution;

   e. To be free from intentional assault and infliction of emotional distress;

   f. Not to have cruel and unusual punishment imposed upon him; and

   g. To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

   1. Damages in the amount of THREE MILLION ($3,000,000.00) DOLLARS.

   2. Reasonable attorney's fees and costs; and

   3. Such other and further relief as this Court seems just and proper.

DATED:   New York, New York
         September 11, 2015

Respectfully submitted,

/s/ *[signature]*
Matthew D. Myers (MM 9327)
Attorney for Plaintiff
299 Broadway, Suite 200
New York, New York 10007
(212) 986-5900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jeffrey Jean-Philippe,

    Plaintiff,

-against-

THE CITY OF NEW YORK, et al

    Defendants,

COMPLAINT AND DEMAND FOR JURY TRIAL

MYERS, SINGER & GALIARDO, LLP
Matthew D. Myers, Esq.
299 Broadway, Suite 200
New York, New York 10007
(212) 986-5900