UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JEFFERY JEAN-PHILLIPPE,

                                Plaintiff,

                 - against -

THE CITY OF NEW YORK, P.O. CHRISTOPHER HEWITSON, and P.O. MICHAEL PALAM, individually and in their Official Capacities,

                              Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF CITY OF NEW YORK, CHRISTOPHER HEWITSON AND MICHAEL PALAM**

15 CV 7266 (RMB)

JURY TRIAL DEMANDED

<u>VIA ECF</u>

------------------------------------------------------------------------ x

        Defendants City of New York, Christopher Hewitson and Michael Palam by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.    Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein. Defendants further state that to the extent paragraph "1" contains conclusion of law rather than averments of fact, no response is required.

        2.    Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        3.    Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.    Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

5. Deny the allegations set forth in paragraph "5", except state that paragraph "5" is a jury demand and thus no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York, and respectfully refer the Court to the New York City Charter and the Administrative Code for an accurate recitation of the relationship between the City and the New York City Police Department.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that Christopher Hewitt and Michael Palam are employed by the City of New York as members of the NYPD. Defendants further state that to the extent paragraph "8" contains conclusions of law rather than averments of fact, no response is required.

9. Deny the allegations set forth in paragraph "9" of the complaint, and further state that to the extent paragraph "9" contains conclusions of law rather than averments of fact, no response is required.

10. Deny the allegations set forth in paragraph "10" of the complaint. Defendants respectfully refer the Court to the New York City Charter and the Administrative Code for an accurate recitation of the relationship between defendant City and the New York City Police Department.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that on June 18, 2013 plaintiff was in the passenger seat of a vehicle that was illegally parked.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that plaintiff was lawfully arrested and charged with Grand Larceny in the Third Degree, Criminal Possession of Stolen Property in the Third Degree, Criminal Possession of a Forged Instrument in the Second Degree and Attempted Grand Larceny in the Third Degree.

13. Deny the allegations set forth in paragraph "13" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations that "[p]laintiff denied any participation in any of the crimes alleged."

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that on June 19, 2013 plaintiff was arraigned in Supreme Court of New York County and his bail was set at $10,000. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations that "[p]laintiff remained in custody."

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that defendants Hewitson and Palam, testified before the Grand Jury on or about June 24, 2013.

16. Deny the allegations set forth in paragraph "16" of the complaint, except admit that the Grand Jury returned a true bill on or about June 24, 2015.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint, except admit that on February 2, 2014 defendants Hewitson and Palam, testified in a <u>Mapp</u> hearing.

19. Deny the allegation set forth in paragraph "19" of the complaint, and respectfully refer the Court to Judge Ward's opinion.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the Office of the Comptroller on or about February 5, 2015.

24. Deny the allegations set forth in paragraph "24" of the complaint, except admit that plaintiff's claims have not been settled or adjusted.

25. Admit only, that a hearing pursuant to New York General Municipal Law 50-h, was held on August 28, 2015.

26. Deny the allegations set forth in paragraph "26" of the complaint, including the embedded assertion that "the events herein described" ever occurred.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendants repeat and re-allege the responses set forth in the proceeding paragraphs of this answer as if fully set forth herein.

28. Deny the allegations set forth in paragraph "28" of the complaint, and further state that to the extent paragraph "28" contains conclusions of law rather than averments of fact, no response is required.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint, except state that to the extent paragraph "32" contains conclusions of law rather than averments of fact, no response is required.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and re-allege the responses set forth in the proceeding paragraphs of this answer as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and re-allege the responses set forth in the proceeding paragraphs of this answer as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. In response to the allegations set forth in paragraph "40" of the complaint, defendants repeat and re-allege the responses set forth in the proceeding paragraphs of this answer as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint.

48. In response to the allegations set forth in paragraph "48" of the complaint, defendants repeat and re-allege the responses set forth in the proceeding paragraphs of this answer as if fully set forth herein.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint, and further state that to the extent paragraph "54" contains conclusions of law rather than averments of fact, no response is required.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. In response to the allegations set forth in paragraph "57" of the complaint, defendants repeat and re-allege the responses set forth in the proceeding paragraphs of this answer as if fully set forth herein.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint, and further state that to the extent paragraph "65" contains conclusions of law rather than averments of fact, no response is required.

66. Deny the allegations set forth in paragraph "66" of the complaint, and further state that to the extent paragraph "66" contains conclusions of law rather than averments of fact, no response is required.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegation set forth in paragraph "68" of the complaint, and its subparts.

## FIRST AFFIRMATIVE DEFENSE:

69. The complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE:

70. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendant City, Hewitson or Palam.

## THIRD AFFIRMATIVE DEFENSE:

71. There was reasonable suspicion, probable cause, and/or exigent circumstances for any alleged stop or search.

## FOURTH AFFIRMATIVE DEFENSE:

72. There was probable cause for plaintiff's arrest, detention, and prosecution.

**FIFTH AFFIRMATIVE DEFENSE:**

73. Defendants City, Hewitson and Palam have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have the defendants violated any act of Congress providing for the protection of Civil Rights.

**SIXTH AFFIRMATIVE DEFENSE:**

74. Defendants Hewitson and Palam have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**SEVENTH AFFIRMATIVE DEFENSE:**

75. Plaintiff has failed to comply with New York General Municipal Law §§ 50-e, 50-h, 50-i.

**EIGHTH AFFIRMATIVE DEFENSE:**

76. At all times relevant to the acts alleged in the complaint, defendants Hewitson and Palam acted reasonably in the proper and lawful exercise of their discretion. Therefore, defendant City is entitled to governmental immunity from liability.

**NINTH AFFIRMATIVE DEFENSE:**

77. Plaintiff has failed to state a claim pursuant to Monell v. Dep't of Social Services, 436 U.S. 658 (1978).

**TENTH AFFIRMATIVE DEFENSE:**

78. To the extent any force was used, such force was reasonable, necessary and justified.

## ELEVENTH AFFIRMATIVE DEFENSE:

79. Plaintiff has failed to mitigate his alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE:

80. Plaintiff's state law claims against defendant City are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions

**WHEREFORE,** defendants City of New York, Christopher Hewitson and Michael Palam request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 28, 2015

                                ZACHARY W. CARTER
                                Corporation Counsel
                                of the City of New York
                                *Attorney for Defendants City, Hewitson and Palam*
                                100 Church Street, Rm. 3-173A
                                New York, New York 10007
                                (212) 356-2340

                                By:           /s              
                                        ALEXANDRA CORSI[1]
                                      Senior Counsel
                                      Special Federal Litigation Division

To:    Jason Richland, Esq. (By ECF)
        Myers, Singer & Galiardo, LLP
        *Attorney for Plaintiff*

---

[1] This case is being handled by Assistant Corporation Counsel Fayola Alibey, whose bar admission in New York is pending and who is not yet admitted in the Southern District. Ms. Alibey is handling this matter under supervision and can be reached at (212) 356-2334.

Index No. 15 CV 7266 (RMB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFERY JEAN-PHILLIPPE,

                                                                  Plaintiff,

- against -

THE CITY OF NEW YORK, P.O. CHRISTOPHER HEWITSON, and P.O. MICHAEL PALAM, individually and in their Official Capacities,

                                                         Defendants.

## ANSWER TO COMPLAINT ON BEHALF OF CITY OF NEW YORK, HEWITSON AND PALAM

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants City, Hewitson and Palam*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Alexandra Corsi*
*Tel: (212) 356-2340*
*NYCLIS No. 2015-046458*

*Due and timely service is hereby admitted.*

*New York, N.Y. ..................... December 28, 2015*

*........................................... Alexandra Corsi, Esq.*

*Attorney for City of New York*